UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRENTWOOD GROUP NO 1 LTD, *et al*, | § | CIVIL ACTION NO. G-10-297 |
| | § | |
| Appellants, | § | **ON APPEAL FROM** |
| VS. | § | Case No. 10-80093 |
| | § | Case No. 10-80208 |
| PACIFIC WESTERN BANK, | § | Case No. 10-80209 |
| | § | Chapter 11 |
| Defendant. | § | |
| | | (Jointly Administered Under Case No. 10-80093) |

## ORDER

### I.

This emergency motion to stay pending appeal arises from a Memorandum Opinion and Final Judgment entered in jointly administered bankruptcy cases. *See* [Case Nos. 10-80093-G3-11, 10-80208-G3-11 and 10-80209-G3-11]. The debtors, Brentwood Group No. 1, LTD, Brentwood Group No. 2, LTD and Brentwood Group No. 3, LTD seek a stay of the bankruptcy judge's judgment that terminated the automatic stay under 11 U.S.C. § 362, that permits the creditor, Pacific Western Bank to proceed to foreclose the mortgage on the property known as the "Mall of the Mainland."

### II.

The creditor posted the property for foreclosure and scheduled a sale for Tuesday, September 7, 2010. The debtors seek by a stay of the judgment of the bankruptcy court to preserve § 362 status and proceed with an appeal of the judgment. The debtors argue that they submitted a plan of reorganization that was "feasible, confirmable and in the best interests of the Debtors' unsecured creditors . . .." However, the bankruptcy court rejected the plan and

terminated the automatic stay. In this respect, the debtors contend, the bankruptcy court was wrong as a matter of public policy.

The creditor objects to the debtors' motion for stay asserting that the debtors cannot satisfy the strictures of the statute and the rules for a stay. In this regard, the creditor contends that the debtors cannot make a showing that: (a) they are likely to succeed on the merits; (b) they will be irreparably injured if a stay is not granted; (c) a stay will not harm the other parties; and, (d) the granting of a stay would serve the public interest. The creditor cites to *Ruiz v. Estelle*, 666 F.2d 854 (5th Cir.) *cert. denied*, 460 U.S. 1042 (1983) and *Hunt v. Bankers Trust Co.,* 799 F.2d 1060 (5th Cir. 1986). In support of this claim, the creditor points out that the debtors have no equity in the property and cannot establish that the Mall property is necessary for an effective reorganization.

### III.

The Court conducted a phone conference in this matter and, after a review of the pleadings and relevant documents of file and listening to the arguments of counsel, concludes that the debtors' motion for stay should be denied. In a 30-page Memorandum Opinion, the bankruptcy court made findings of facts and conclusions that are not subject to *de novo* review. In fact, the proper standard of review where findings of fact have been made is the "clearly erroneous standard." *See* Fed. Rules Bankr. Proc. Rule 8013. Hence, this Court is required to accept the bankruptcy court's findings of fact unless they are clearly erroneous. *See In re Matter of Hill*, 972 F.2d 116 (5th Cir. 1992).

The debtors argue that the bankruptcy court was wrong in its findings of fact, yet they concede that the current debt exceeds the appraised value of the Mall. The bankruptcy court found that the value of the Mall was $12.4 million; yet, the indebtedness against the Mall is

greater than $13.7 million. The debtors also acknowledge that their plan of reorganization was unacceptable to the creditor and the bankruptcy court. As a result, the bankruptcy court found that based on the value of the property and the lack of equity, the Mall was not necessary to an effective reorganization and, moreover, that the debtors' "hope for reorganization depended on unreasonable assumptions."

The Court holds that these findings are not clearly erroneous and, therefore, must be accepted by the Court. In light of this fact and the additional findings in the bankruptcy court's Memorandum Opinion, which the Court adopts, the Court determines that the debtors have failed to show a likelihood of success on the merits. Therefore, the debtors' Emergency Motion for Stay Appending Appeal is DENIED.

It is so Ordered.

SIGNED at Houston, Texas this 3rd day of September, 2010.

_____
Kenneth M. Hoyt
United States District Judge